UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BAILEY, | ) |
| Movant, | ) |
| vs. | ) Case No: 4:14CV2015 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Antonio Bailey's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. Movant has filed a Traverse. For the reasons set forth below, the Motion to Vacate is denied.

## PROCEDURAL HISTORY

On June 6, 2012, a grand jury returned an indictment charging Movant with possession with the intent to distribute in excess of 28 grams of cocaine base (crack); possession of a firearm in furtherance of a drug trafficking crime; maintaining a drug-involved premises; and felon in possession of a firearm.

On July 17, 2012, Petitioner filed a waiver of pretrial motions. This waiver was withdrawn by newly retained counsel. A motion to suppress evidence and a

memorandum in support were filed on behalf of Movant on January 30, 2013. The government opposed the Motion. Judge Noce issued a Report and Recommendation that the Motion to Suppress be denied. This Court overruled Movant's objections and denied the Motion.

Movant moved to terminate counsel on June 7, 2013. The Court granted the motion and appointed counsel.

On July 29, 2013, Movant entered a plea of guilty, pursuant to a written plea agreement. The written Plea Agreement provided that Petitioner agreed that the search of his residence was conducted pursuant to a "lawful search warrant." Further, Movant waived all rights to appeal any issues related to pretrial motion and the right to file pretrial motions, including motions to suppress evidence. Movant also attested that he was fully satisfied with the representation provided by defense counsel. In the Plea Agreement and the plea colloquy with this Court at the change of plea hearing, Movant stated that he entered into the plea agreement and the guilty plea voluntarily and of his own free will because he was in fact guilty of the charges.

On November 14, 2013, the Court sentenced Movant to 180 months imprisonment. Movant did not appeal his sentence.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on December 5, 2014.

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and

actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

4

*United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-*

*Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

# CLAIM FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:** The Movant argues that his attorney was ineffective in failing to investigate and renew motion of suppression of evidence that was based on "bare bones affidavit."

Movant has submitted an affidavit in which Plaintiff avers that he asked counsel to call witnesses during the suppression hearing to support his motion and that counsel told Movant he would request a hearing. The hearsay issue aside, Movant's self-serving affidavit fails to negate his plea colloquy with the Court wherein Movant stated under oath that he had no complaints of any of his lawyers. Movant voluntarily waived his right to challenge the warrant by admitting that it was valid and by waiving the right to file suppression motions in the Plea Agreement. Ground One is without merit.

**Ground Two**: Movant contends that his plea of guilty was not voluntarily and knowingly made. He argues that his initial counsel refused to ask questions and present evidence in support of his motion and latter counsel would only discuss a guilty plea. Plaintiff urges that because he is a lay person, he relied on what counsel told him. The record belies Movant's argument. Petitioner assured the Court during the plea hearing that he was voluntarily entering the plea of guilty. He acknowledged that the plea was made of his own free will and that no

one threatened him or his family to enter into the plea. Movant did not advise the Court that he was in anyway dissatisfied by counsel's performance; indeed, during the plea colloquy, Movant affirmatively answered that counsel explained any questions he may have had. Ground Two is meritless.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence and the Supplement thereto, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 20th of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE